UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SEALINK FUNDING LIMITED, )
)
)
Plaintiffs, )   Case No.
)
v. )
)
COUNTRYWIDE FINANCIAL )   Removed From:
CORPORATION; COUNTRYWIDE HOME )
LOANS, INC.; CWALT, INC.; CWABS, INC.; )   Supreme Court of the State of New
CWHEQ, INC.; COUNTRYWIDE )   York, County of New York, Index
SECURITIES CORPORATION; ANGELO )   No. 652679/2011
MOZILO; DAVID A. SAMBOL; BANK OF )
AMERICA CORP.; BAC HOME LOANS )   **COUNTRYWIDE**
SERVICING, L.P., and; NB HOLDINGS )   **DEFENDANTS' NOTICE OF**
CORPORATION, )   **REMOVAL**
)
)
Defendants. )
)
)
)
)
)
)
)
)
)
)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK:

    PLEASE TAKE NOTICE that Defendants Countrywide Financial Corporation,

Countrywide Home Loans, Inc., CWALT, Inc., CWABS, Inc., CWHEQ, Inc., and Countrywide

Securities Corporation (collectively, the "Countrywide Defendants") hereby remove Case No.

652679, filed with the Supreme Court of the State of New York, County of New York, and all

claims and causes of action therein (the "Action"), to the United States District Court for the

Southern District of New York.  As grounds for removal, the Countrywide Defendants state as

follows:

## JURISDICTION

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

2.      This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because this Action is related to pending bankruptcy proceedings, and all claims and causes of action in the Action may be removed to this Court under 28 U.S.C. § 1452.

3.      This Court is part of the "district and division" embracing the place where this Action was filed—New York City, New York, in New York County, New York. *See* 28 U.S.C. §§ 112(b), 1446(a).

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

4.      On or about September 29, 2011, Sealink Funding Limited ("Sealink") filed a Summons (the "Summons") and Complaint (the "Complaint") in this action in the Supreme Court of the State of New York in the County of New York. The case is entitled *Sealink Funding Limited v. Countrywide Financial Corporation, et al.*, and was assigned Case Number 652679.

5.      A copy of all process and pleadings in the Action is attached hereto as Exhibit 1.

6.      The Complaint alleges, among other things, that certain prospectuses and other offering materials filed in connection with residential mortgage-backed securities ("MBS") issued, underwritten, or serviced by one or more of the Countrywide Defendants, and identified by Plaintiff in Paragraph 33 of the Complaint, contained misstatements and omissions allegedly constituting common law fraud, fraudulent inducement, aiding and abetting fraud, negligent representation, and successor and vicarious liability. The Countrywide Defendants deny the

material allegations of the Complaint and dispute that they have any liability to the Plaintiff.

7.      The Countrywide Defendants' time to answer the Complaint has not expired and none of the Defendants to the Action has served or filed an answer.

8.      No motions or other proceedings in this Action are pending in the Supreme Court of New York of New York County.

9.      This notice of removal is timely under 28 U.S.C. § 1446(b) because the Complaint was filed on September 29, 2011.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332

10.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction.

11.     This Action satisfies the complete diversity requirement. *See* 28 U.S.C. § 1332(a)(2). Plaintiff Sealink is a corporation organized under the laws of Ireland. Compl. ¶ 12. Defendants are alleged to be residents of New York, California and Delaware. *Id.* ¶¶ 13-26. None of the Defendants is alleged to be a resident of Ireland, nor is any Defendant a resident of Ireland. *Id.*

12.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as Plaintiff alleges to have purchased $1.6 billion worth of MBS and claims "substantial damages" (e.g., Compl. ¶ 136), including damages for the alleged decline in market value of the MBS.

13.     This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332, and the Action may be removed pursuant to 28 U.S.C. § 1441, because complete diversity of citizenship exists between Plaintiff and all properly joined and served parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

14.     Because this Court has original subject matter jurisdiction over this action, and because no resident of the forum state of New York has been "properly joined and served," removal is appropriate under 28 U.S.C. § 1441(b).

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1452**

15.     Removal is proper under 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1334, in turn, confers jurisdiction upon this Court over all civil proceedings that are "related to cases under title 11" of the U.S. Code (*i.e.,* the Bankruptcy Code).

16.     The allegations against the Countrywide Defendants arise in part from MBS certificates backed by mortgage loans originated or acquired by entities that are the subject of pending bankruptcy proceedings initiated by the filing of petitions for relief under the United States Bankruptcy Code, or MBS certificates issued by such entities (the "Bankrupt Entities"). The Bankrupt Entities include but are not limited to American Home Mortgage Corporation and its affiliates, including American Home Mortgage Holdings, Inc. (together, "AHM"), Alliance Bancorp ("Alliance"), ComUnity Lending, Inc. ("ComUnity"), Fieldstone Mortgage Company ("Fieldstone"), Cameron Financial Group, Inc. ("Cameron"), and First NLC Financial Services LLC ("First NLC"). Certain of the Defendants purchased or serviced loans originated by the Bankrupt Entities, which were then included in the mortgage loan pools backing some of the MBS certificates at issue in this case.

17.     In the Complaint, Plaintiff makes allegations with respect to loans originated and underwritten by a number of third-party loan originators, including, without limitation, bankrupt

entity AHM.  Compl. ¶¶ 65-67 ("American Home Violated Its Underwriting Guidelines.").

Plaintiff alleges that AHM originated a "substantial portion of the loans" in certain of the

securitizations and that the offering materials in connection with those securitizations contained

"false and misleading statements of material fact regarding American Home's underwriting

standards and practices."  Compl. ¶ 65.

18.     The Countrywide Defendants have claims against the Bankrupt Entities for

indemnification, contribution, and/or other obligations (the "Indemnification Claims") relating to

the loans from the Bankrupt Entities that back the MBS that are the subject of Plaintiff's

allegations in this Action.  These Indemnification Claims are based on loan purchase,

underwriting and other agreements with the Bankrupt Entities, which provide indemnification for

the benefit of certain Countrywide Defendants, including but not limited to indemnification

arising out of any alleged misstatements or omissions concerning the mortgage loans acquired

from the Bankrupt Entities, as well as statutory and common law.  The aggregate original

principal amount of the loans originated by the Bankrupt Entities in connection with offerings

subject to the Indemnification Claims exceeds $500 million.  Numerous courts have held that

materially indistinguishable indemnification provisions confer "related to" bankruptcy

jurisdiction in MBS litigation.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594

F.3d 383, 386-87 (5th Cir. 2010); *Massachusetts Bricklayers & Masons Trust Funds v. Deutsche

Alt-A Sec, Inc.*, 399 B.R. 119, 123 (E.D.N.Y. 2009); *City of Ann Arbor Emps.' Ret. Sys. v.

Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-319 (E.D.N.Y. 2008); *Stichting

Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010).

19.     The Bankrupt Entities originated loans that comprise part of the loans that back

the CWALT 2006-OC2, CWALT 2006-OC4, CWALT 2007-5CB, CWHEL 2006-D, CWALT

2007-OA7, CWL 2007-2, CWL 2007-BC3 and MSHEL 2007-1 offerings, among others, from

which Plaintiff purchased certificates.  Compl. ¶ 33.

20.     Certain of the Countrywide Defendants have filed proofs of claim in each of the

following bankruptcy proceedings, filed in connection with the Bankrupt Entities identified in

paragraph 16 above, under Chapter 7 or Chapter 11 of the United States Bankruptcy Code:

| |
|---|
| *In re Alliance Bancorp*, Case No. 07-10942 (D. Del.) |
| *In re American Home Mortgage Corp.*, Case No. 07-11051 (D. Del.) |
| *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (D. Del.) |
| *In re Cameron Financial Group, Inc.*, Case No. 08-10322 (C.D. Cal.) |
| *In re ComUnity Lending, Inc.*, Case No. 08-50030 (N.D. Cal.) |
| *In re Fieldstone Mortgage Company*, Case No. 07-21814 (D. Md.) |
| *In re First NLC Financial Services, LLC*, Case No. 08-10632 (S.D. Fla.) |

21.     Consequently, this Court has original jurisdiction over this action pursuant to 28

U.S.C. § 1334(b), and this action may be removed to this Court by the Countrywide Defendants

pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" the bankruptcy cases

identified in paragraph 21, above.  *See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,

639 F.3d 572, 579 (2d Cir. 2011) ("For the purposes of removal jurisdiction, a civil proceeding is

'related to' a title 11 case if the action's outcome might have any 'conceivable effect' on the

bankrupt estate.") (internal quotations and citations omitted); *Lone Star*, 594 F.3d at 386 (same);

*Abbatiello v. Monsanto Co.*, No. 06 Civ. 266 (KMW), 2007 WL 747804, at *2-3 (S.D.N.Y. Mar.

8, 2007) (same); *City of Ann Arbor*, 572 F. Supp. 2d at 315, 318-19 (same); *In re River Ctr.*

*Holdings, LLC*, 288 B.R. 59, 64-66 (Bankr. S.D.N.Y. 2003) (same).

22.      This lawsuit relates to the Bankrupt Entities' bankruptcy proceedings because

certain of the Countrywide Defendants have Indemnification Claims against the Bankrupt

Entities for, among other things, expenses incurred to defend this Action and any judgment

against or other amounts paid in resolution of this Action.  "Related-to" bankruptcy jurisdiction

does not require that any of the parties to this case be in bankruptcy.  *E.g.*, *Lone Star Fund V*

*(U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010);  *Stichting*

*Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related

to" jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors").

Accordingly, this Action "relates to" such bankruptcy actions because it could conceivably affect

the bankruptcy estates of the Bankrupt Entities,[1] and it therefore may be removed pursuant to 28

U.S.C. § 1452(a).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

23.      This is not a "core proceeding" under 28 U.S.C. § 157(b)(2).  As required by Fed.

R. Bankr. P. 9027(a)(1), the Countrywide Defendants state that they do not consent to entry of

final order of judgment by any bankruptcy judge.

24.      Pursuant to 28 U.S.C. § 1446(d), the Countrywide Defendants will serve a copy

of this Notice of Removal on counsel for Plaintiff and will file a copy with the Clerk of the

---

[1] Assuming, *arguendo*, that it were necessary for the Countrywide Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to those bankruptcies within the meaning of 28 U.S.C. § 1334(b), because the Countrywide Defendants' claims against the Bankrupt Entities directly affect the administration of their bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings.  *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11.

Supreme Court of New York, County of New York.  Pursuant to 28 U.S.C. § 1446(a), and

attached hereto as Exhibit 2, is a Copy of a Notice of Filing of Notice of Removal, which will be

filed with the Clerk of the Supreme Court of New York, County of New York.

25.     Attached hereto as Exhibit 3 is the Notice of Removal to All Adverse Parties

(without attachments).

26.     The Countrywide Defendants sign this Notice of Removal pursuant to Rule 11 of

the Federal Rules of Civil Procedure.

27.     All other Defendants named and/or served in this Action consent to the removal

of this Action.


Dated:  October 6, 2011                         Respectfully submitted,

                                                COUNTRYWIDE FINANCIAL
                                                CORPORATION; COUNTRYWIDE HOME
                                                LOANS, INC.; CWALT, INC.; CWABS, INC.;
                                                CWHEQ, INC. and COUNTRYWIDE
                                                SECURITIES CORPORATION

                                                By their attorneys,

                                                _____
                                                John Q. Farley (JF-4402)
                                                jfarley@goodwinprocter.com
                                                Brian E. Pastuszenski (*pro hac vice* application
                                                forthcoming)
                                                bpastuszenski@goodwinprocter.com
                                                Inez H. Friedman-Boyce (*pro hac vice* application
                                                forthcoming)
                                                ifriedmanboyce@goodwinprocter.com
                                                Brian C. Devine (*pro hac vice* application
                                                forthcoming)
                                                GOODWIN PROCTER LLP
                                                53 State Street
                                                Boston, MA 02110
                                                Tel. (617) 570-1000

## CERTIFICATE OF SERVICE

I, John O. Farley, hereby certify that on October 6, 2011, I caused copies of the foregoing Notice of Removal and attachments to be served by first class mail, postage prepaid upon all counsel herein set forth below:

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP**<br>Gerald H. Silk<br>Avi Josefson<br>Michael D. Blatchley<br>Ross Shikowitz<br>1285 Avenue of the Americas, 38th Floor<br>New York, NY  10019 | Attorneys for Plaintiff Sealink Funding Limited |
| **O'MELVENY & MYERS LLP**<br>Jonathan Rosenberg<br>William Sushon<br>Asher Louis Rivner<br>7 Times Square<br>New York, NY 10036 | Attorneys for Defendants Bank of America Corporation; BAC Home Loans, Servicing, L.P., and NB Holdings Corporation |
| **IRELL & MANELLA LLP**<br>Craig I. Varnen<br>David Siegel<br>Holly Gershow<br>Adam J. Fletcher<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276<br><br>Matthew Ashley<br>Allison Libeau<br>840 Newport Center Drive<br>Suite 400<br>Newport Beach, CA 92660 | Attorneys for Defendant Angelo Mozilo |
| **ORRICK HERRINGTON & SUTCLIFFE LLP**<br>Frank M. Scaduto<br>Michael D. Torpey<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br><br>Michael C. Tu<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA 90017<br>(213) 629-2020 | Attorneys for Defendant David A. Sambol |

Dated:          October 6, 2011

_____
John O. Farley